| | RETURN | 3:16-MJ-069-BH |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
| 2/3/2016 | 2/3/2016 @ 2:50 PM | Bonnie Page - SMARSH |

INVENTORY MADE IN THE PRESENCE OF

Bonnie Page

INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT

1. Password to CDs
2. Hard Drive containing Smarsh data
3. Account history
4. Search history

*CLERK US DISTRICT COURT NORTHERN DIST. OF TX FILED 2016 MAR -9 PM 3:30 DEPUTY CLERK*

### CERTIFICATION

I Swear that this inventory is a true and detailed account of the property seized by me on the warrant.

_____
Affiant

Subscribed, sworn to, and returned before me this date.

_____         3/9/16
U.S. Magistrate Judge                            Date

**SEALED**

# United States District Court

__NORTHERN__ DISTRICT OF __TEXAS__

In the Matter of the Search of
(Name, address or Brief description of person, property or premises to be searched)

**SEARCH WARRANT**

ALL RECORDS OF SMARSH, 851 SW 6TH AVENUE, SUITE 800, PORTLAND, OREGON 97204, ASSOCIATED WITH THE CUSTOMER OR SUBSCRIBER "NOVUS HEALTH SERVICES, INC."

CASE NUMBER: 3:16-MJ-69-BH

To: <u>Special Agent Thomas R. Cook, Federal Bureau of Investigation (FBI)</u> and any Authorized Officer of the United States

Affidavit(s) having been made before me by __Special Agent Thomas R. Cook__ has reason to believe that on the person of or XX on the property or premises known as (name, description and/or location)

(SEE ATTACHMENT A).

in the __NORTHERN__ District of __TEXAS__ there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B).

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before __2/17/16__

(not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime - 6:00 A.M. to 10:00 P.M.) ~~(at any time in the day or night as I find reasonable cause has been established)~~ and if the person or property be found there to seize same, leaving copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to __Irma C. Ramirez, United States Magistrate Judge__ as required by law.

__February 3, 2016 @ 3:20 p.m.__   at   __Dallas, Texas__
Date and Time Issued                     City and State

**IRMA C. RAMIREZ**
**United States Magistrate Judge**
Name and Title of Judicial Officer

/s/ Irma Carrillo Ramirez
Signature of Judicial Officer

## ATTACHMENT A
### Property to Be Searched

This warrant applies to all records, data, and information associated with the customer or subscriber Novus Health Services, Inc., that is stored at premises owned, maintained, controlled, or operated by Smarsh, a company headquartered at 851 SW 6th Avenue, Suite 800, Portland, Oregon 97204.

## ATTACHMENT B
### Particular Things to be Seized

I.   **Information to be disclosed by Smarsh.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Smarsh, including any messages (including archived messages), records, passwords files, logs, or information that have been deleted but are still available to Smarsh or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Smarsh is required to disclose the following information to the government:

   a.   All records or other information pertaining to Novus Health Services, Inc. (Novus), including all files, passwords, databases, and database records stored by Smarsh in relation to Novus.  This includes copies of any DVDs or other digital storage media containing archived information, including emails, that were sent from Smarsh to Novus or any of Novus's representatives as part of the services Smarsh has provided to Novus, and any passwords necessary to access those DVDs or other digital storage media.

   b.   All records, including logs recording any access (or attempted access) to any account held by Novus or anyone representing or purporting to represent Novus, or any modification (or attempted modification) of the contents any such account.

Attachment B – Page 1

c.  All communications, including emails, to or from anyone representing or purporting to represent Novus regarding any Smarsh account held by Novus or anyone representing or purporting to represent Novus.

d.  All data, including emails and other communications, collected in the course of any archiving service that Smarsh provided to Novus or anyone representing or purporting to represent Novus.

e.  All information associated with any Smarsh account held by Novus or anyone representing or purporting to represent Novus. For each such account, the information should include:

- The account holder's name and address.
- Any account number or other account-identifying information.
- The address of any website where the account can be accessed.
- Any userid or other login information, and any passwords associated with the account.
- The length of service for each account, including start date, and types of service utilized.
- Means and source of payment for each service (including any credit card or bank account number).
- All account history.

Attachment B – Page 2

f.   All user connection and transaction logs associated with each and every account identified in paragraph (e), above, including all available IP logs, connection time and date, disconnect time and date, method of connection to system, and data transfer volume.

II.   **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. § 1035 (False Statements relating to Health Care Matters); 18 U.S.C. § 1343 (Fraud by Wire); 18 U.S.C. § 1349 (Conspiracy to Commit Health Care Fraud); 18 U.S.C. § 1347 (Health Care Fraud); and 18 U.S.C. § 1518 (Obstruction of criminal investigation of health care offenses), including but not limited to:

a.   All passwords necessary to access any relevant information (as described in the preceding paragraph) archived by Smarsh for Novus, in particular sixty-two DVDs provided to Novus by Smarsh, eighteen of which were obtained by the FBI during a warrant executed at Novus's place of business on September 17, 2015, and forty-four of which were obtained via grand jury subpoena on November 30, 2015.

b.   All records, communications, or data that relate to the provision of home health or hospice medical care services to patients. Such records, communications, or data would include but not be limited to those that relate to patient certification for either home health or hospice care, patient plans of care, the medication of any patient under

Attachment B – Page 3

home health or hospice care, and the length of stay of any patient under home health or hospice care.

c. All records, communications, or data that relate to the control and operation of Novus, the CMS aggregator cap, the billing of Medicare or Medicaid, and payments made to Medicare or Medicaid.

d. All user connection and transaction logs associated with any Smarsh account for which information has been provided, and that are relevant to the provision of home health or hospice medical care services to patients, the control and operation of Novus, the CMS aggregator cap, the billing of Medicare or Medicaid, and payments made to Medicare or Medicaid.

Attachment B – Page 4